# EXHIBIT "A"

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
08/31/2020  4:27PM
BY: JDUTTON
DEPUTY

Case No.: S0300CV202000421
HON.  TED REED

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone:  (602) 524-6602
ps@strojnik.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| Peter Strojnik,<br><br>                              Plaintiff,<br><br>          vs.<br><br>LADA Sedona, L.P. dba Arabella Sedona<br><br>                              Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**1.  Americans with Disabilities Act**<br>**2.  Negligence**<br>**3.  Negligent Misrepresentation**<br>**4.  Failure to Disclose**<br>**5.  Fraud / Consumer Fraud**<br><br>**JURY TRIAL REQUESTED** |

### INTRODUCTION

1. Segregation of the disabled is the last vestige of collectively acceptable discrimination. While Congress attempted to provide individuals with disabilities with the same level of protection as "individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age",  42 U.S.C. §12101 (a)(4), this lofty congressional goal has been ignored by most, including this Defendant.

2. ADA violators' failure to accommodate the disabled has been largely accepted in today's America. During the 30 year life of the ADA,  offenders have infused themselves into every capillary of the social body in order to portray the disabled as inconsequential throwaway family of individuals not worthy of equal access. They whispered and sniveled their segregationist views into the ears of the media and the general polity, attorneys general and state legislators, news editors and lawyer associations. They have been amazingly successful.

3. But the measure of equal protection "for which our free society is justifiably famous", 42. U.S.C. §12101(a)(8), does not permit consideration of the prevailing public bias. As in the case of 1963 Alabama when George Wallace infamously declared "segregation now, segregation tomorrow, segregation forever"[1]  which became a rallying cry for those opposed to integration and the Civil Rights Movement, so does today's public sentiment view segregationist public accommodation with conscious indifference. With respect to the ADA, setting aside silent biases is a hard way of achieving integration, but it is the only way that works.

4. Therefore, Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) Negligence, (3) Negligent Misrepresentation, (4) Failure to Disclose and (5) Fraud / Consumer Fraud.

**PARTIES**

5. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

6. Defendant owns, operates leases or leases to a lodging business located at 725 Highway 179, Sedona, AZ 86336 ("Hotel").

**JURISDICTION AND VENUE**

7. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

9. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly

---

[1] 1963 inaugural address.

configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[2].

10. These barriers impair Plaintiff's full and equal access to the Hotel.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

12. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105

13. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

14. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities:

---

[2] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

15. Plaintiff has a history of impairments stated in the preceding paragraph.

16. Plaintiff is regarded as having a physical conditions that limit major life activities.

17. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.



18. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

19. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | (d)(1)(viii)<br>(d)(2)((iii)(F)<br>(e)(1)(2)<br>(f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii)<br>(d)(1)(iv)<br>(d)(1)(v)<br>(d)(1)(vi)<br>(d)(1)(viii)<br>(d)(2)((iii)(F)<br>(e)(1)(2)<br>(f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i)<br>(d)(1)(iv)<br>(d)(1)(v)<br>(d)(1)(vi)<br>(d)(1)(viii)<br>(d)(2)(iii)(D)<br>(e)(1)(2)<br>(f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (c)(1)(i)<br>(d)(1)(iv)<br>(d)(1)(v)<br>(d)(1)(vi)<br>(d)(1)(viii)<br>(d)(2)((iii)(D)<br>(e)(1)(2)<br>(f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i)<br>(d)(1)(iv)<br>(d)(1)(v)<br>(d)(1)(vi)<br>(d)(1)(viii)<br>(e)(1)(2)<br>(f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, | (c)(1)(i)<br>(d)(1)(iv)<br>(d))1)(v)<br>(d))1)(vi)<br>(d)(2)((iii)(D) |

| | | | | or physically functioning on any level. | (e)(1)(2) (f)(1) |
|---|---|---|---|---|---|
| | | | | Table 1 | |

20. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

21. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

22. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

## PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL

23. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

   a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

   b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

   c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

   d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging  where he desires to book a room to both:

      1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently

whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[3]:

(i) Operable parts [205[4], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[3] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[4] Bracketed numbers refer to Standards for Accessibility Design.

(iii)    Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)    Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)    Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)    Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort

when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

24. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

25. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| FAILURES TO DISCLOSE IN BOOKING WEBSITES |
| --- |
| 1ST PARTY WEBSITE |
| www.arabellahotelsedona.com |



The booking website does not identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail.  This prevents Plaintiff from independently assessing whether Defendant's Hotel or guest rooms meet Plaintiff's accessibility needs.

**Table 2**

26. The statement that the Hotel has "accessible accommodations" is false  as evidenced in Table 3 below.

27. Plaintiff alleges that he personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and  how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).



**PERSONAL ENCOUNTERS WITH BARRIERS**

**Identification**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Accessible parking visually too steep.**

**No van accessible signage.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No marked passenger loading zone.



Pool entry latch too high.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Another pool latch too high.

Inaccessible check in counter.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Inaccessible sundry items in gift shop.**



**Wrong hardware requiring twisting of wrist.**

**Flush control on wrong side.**



**Inaccessible sales and marketing office.**

**Inaccessible courtyard pool.**

1
2
3
4
5
6
7
8
9
10



**Inaccessible courtyard spa.**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Open risers throughout.**



**Improperly configured handrails throughout.**

| |
|---|
| **Identification of Specific Barrier in Plain Language:** As indicate below each photo. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about July 27, 2020. |
| **Table 3.** |

28. Plaintiff  is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

29. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

30. The removal of barriers is readily achievable.

31. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A.  Relief described in 42 U.S.C. §2000a – 3; and

B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

H. All other relief susceptible of proof based on the allegations.

## COUNT TWO
Negligence and Negligence Per Se

32. Plaintiff realleges all allegations heretofore set forth.

33. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

34. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

35. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

36. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

37. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

38. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

19

39. Defendant breached this duty.

40. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

41. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

42. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

43. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $135,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

### COUNT THREE
Negligent Misrepresentation

44. Plaintiff realleges all allegations heretofore set forth.

45. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

46. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

47. Defendant's false statement was made in the course of Defendant's business in which Defendant has a pecuniary interest, to wit: renting of rooms.

48. Plaintiff justifiably relied on Defendant's false representation.

49. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's false information regarding ADA compliance, to wit: he spent time, effort and

resources in an amount to be proven at trial, but in no event less than $35,000.00.

50. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

51. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of negligent misrepresentation; and

B. For damages in an amount requested; and

C. For punitive damages in the amount requested; and

D. For such other and further relief as the Court may deem just and proper.

**COUNT FOUR**
Failure to Disclose

52. Plaintiff realleges all allegations heretofore set forth.

53. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

54. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

55. The compliance with the ADA is a fact basic to the transaction.

56. Defendant failed to make the necessary disclosures.

57. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

58. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

59. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

60. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT FIVE**
Fraud
Common Law and Consumer

61. Plaintiff realleges all allegations heretofore set forth.

62. Defendant made representation(s) as alleged in Table 2 above.

63. The representation(s) were material.

64. The representation(s) were false.

65. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.

66. Defendant intended that Plaintiff rely on the false representation(s).

67. Plaintiff reasonably relied on the misrepresentation(s).

68. Plaintiff has a right to rely on the misrepresentation(s).

69. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

70. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

71. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

72. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

73. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

74. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

  A. For finding of that Defendant failed to disclose information; and

  B. For damages in the amount requested; and

  C. For punitive damages in the amount requested; and

  D. For such other and further relief as the Court may deem just and proper.

## REASONS WHY HIGH PUNITIVE DAMAGES AWARD IS NECESSARY IN THIS CASE

75. Factors for consideration include:

   a. Reprehensibility of Defendants' conduct; and

   b. The severity of the harm likely to result, i.e. segregation of persons with disabilities; and

   c. The actual segregation of Plaintiff from the rest of the traveling public; and

   d. The duration of the misconduct is over 30 years and

   e. Defendants' were fully aware of their own illicit maintenance of hotels; and

   f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761,

1   767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* §

2   3.11(10), at 515-16 (2d ed. 1993))).

3   76. These factors recommend that only the most severe sanctions against Defendant

4   Hotel will assure compliance with the ADA and integration of disabled

5   individuals.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 31st day of August, 2020.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

# EXHIBIT "B"

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
09/09/2020  2:32PM
BY: JDUTTON
DEPUTY

Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602



### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF COCONINO

**PETER STROJNIK,**

                Plaintiff,

vs.

**LADA SEDONA, L.P.,**

                Defendant.

Case Number: S0300CV202000421

**DECLARATION OF SERVICE BY A
PRIVATE PROCESS SERVER**

Received by Rush Hour Legal Service to be served on **LADA SEDONA, L.P.,**.

I, Douglass Burkhart, do hereby affirm that on the **4th day of September, 2020** at **9:40 am, I:**

served **LADA SEDONA, L.P.,** by delivering a true copy of the **Summons; Certificate of Compulsory Arbitration; Complaint** with the date and hour of service endorsed thereon by me, to: **KINGSLEY LAW FIRM Pam Reinmuth (Manager Authorized)** at the address of: **14362 N. Frank Lloyd Wright Blvd. Suite 1000, Scottsdale, AZ 85260**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40s, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 125, Hair: Blonde, Glasses: -

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true and correct and was executed on the above date.

**Douglass Burkhart**
MC-8757

**Rush Hour Legal Service**
P.O. Box 30997
**Mesa, AZ 85275**
**(480) 797-9483**

Our Job Serial Number: RUL-2020001699
Service Fee: $85.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g



# EXHIBIT "C"

Text Size: A A A

| Case Search | Minute Entry Search | Case Notification | Help |

Home / Case Search

## Public Access to Court Information

### Case Search



 Printer Friendly Version

<< return to search results

new case search >>

Case Information

| Case Number: | S-0300-CV-202000421 | | |
|---|---|---|---|
| Title: | PETER STROJNIK PLAINTIFF v | Category: | Civil |
| Court: | Coconino County Superior | Filing Date: | 8/31/2020 |
| Judge: | | Disposition Date: | |





LADA SEDONA, L.P.   DEFENDANT   - D 1

PETER STROJNIK   PLAINTIFF   - P 1

Case Activity

| Date | Description | Party |
|---|---|---|
| 9/9/2020 | SERVICE: Proof of Service | P 1 |
| 8/31/2020 | SUMMONS: SUMMONS | P 1 |
| 8/31/2020 | INDICATOR: DISCOVERY TIER 2 | P 1 |
| 8/31/2020 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P 1 |
| 8/31/2020 | COMPLAINT: Complaint | P 1 |





### Document Search

For access to criminal and civil court documents in the Superior Court visit the eAccess portal.
For more information about the eAccess portal please visit: https://www.azcourts.gov/eaccess.

**NOTES:**

**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View. How?**

**The following case types are excluded from search results:** sealed cases, cases involving un-served Orders of Protection, mental health and probate cases, victim and witness data. Juvenile incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried out by superior court clerk's offices in each county are not included in this website, such as passport application processing and private process server registration. **Charges stemming from local ordinance violations are not included.**

**Please be aware of the following limitations of the case records displayed:**
• The information may not be a current, accurate, or complete record of the case.
• The information is subject to change at any time.
• The information is not the official record of the court.
• Not all cases from a participating court may be included.
• The information should not be used as a substitute for a thorough background search of official public records.

**The user is responsible for verifying information provided on this website against official court information filed at the court of record.** Use of this website shall indicate agreement by the user that the Arizona judiciary, including its courts, divisions, officers, and employees, shall not be liable for any loss, consequence, or damage resulting directly or indirectly from the use of any of the information available through this website and that the Arizona judiciary does not provide any warranty, express or implied, that the information provided is accurate, current, correct, or complete.

Data available on this web site is updated frequently and can be provided via electronic media for an annual

subscription fee. If interested, please Contact Us.

**Case info is updated on this website weekly. Information is updated each Friday to reflect case information through the Wednesday of the same week.**

Privacy Policy          Website Accessibility Policy          Contact Us                    © 2020 Arizona Supreme Court. All Rights Reserved.

# EXHIBIT "1"

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
08/31/2020  4:27PM
BY: JDUTTON
DEPUTY

Case No.: S0300CV202000421
HON.  TED REED

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone:  (602) 524-6602
ps@strojnik.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCONINO

|  |  |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>LADA Sedona, L.P. dba Arabella Sedona<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br><br>1.  **Americans with Disabilities Act**<br>2.  **Negligence**<br>3.  **Negligent Misrepresentation**<br>4.  **Failure to Disclose**<br>5.  **Fraud / Consumer Fraud**<br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1.  Segregation of the disabled is the last vestige of collectively acceptable discrimination. While Congress attempted to provide individuals with disabilities with the same level of protection as "individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age",  42 U.S.C. §12101 (a)(4), this lofty congressional goal has been ignored by most, including this Defendant.

2.  ADA violators' failure to accommodate the disabled has been largely accepted in today's America. During the 30 year life of the ADA,  offenders have infused themselves into every capillary of the social body in order to portray the disabled as inconsequential throwaway family of individuals not worthy of equal access. They whispered and sniveled their segregationist views into the ears of the media and the general polity, attorneys general and state legislators, news editors and lawyer associations. They have been amazingly successful.

3. But the measure of equal protection "for which our free society is justifiably famous", 42. U.S.C. §12101(a)(8), does not permit consideration of the prevailing public bias. As in the case of 1963 Alabama when George Wallace infamously declared "segregation now, segregation tomorrow, segregation forever"[1]  which became a rallying cry for those opposed to integration and the Civil Rights Movement, so does today's public sentiment view segregationist public accommodation with conscious indifference. With respect to the ADA, setting aside silent biases is a hard way of achieving integration, but it is the only way that works.

4. Therefore, Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) Negligence, (3) Negligent Misrepresentation, (4) Failure to Disclose and (5) Fraud / Consumer Fraud.

### PARTIES

5. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

6. Defendant owns, operates leases or leases to a lodging business located at 725 Highway 179, Sedona, AZ 86336 ("Hotel").

### JURISDICTION AND VENUE

7. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

9. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly

---

[1] 1963 inaugural address.

configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[2].

10. These barriers impair Plaintiff's full and equal access to the Hotel.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

12. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105

13. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

14. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities:

---

[2] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

15. Plaintiff has a history of impairments stated in the preceding paragraph.

16. Plaintiff is regarded as having a physical conditions that limit major life activities.

17. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.

18. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

19. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DESCRIPTION | DISABILITY | | | RELATION | |
| | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) |

4

| | | | | | (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
|---|---|---|---|---|---|
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) |

| | | | | or physically functioning on any level. | (e)(1)(2)(f)(1) |
|---|---|---|---|---|---|
| | | | **Table 1** | | |

20. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

21. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

22. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

## PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL

23. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

   a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

   b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

   c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

   d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging where he desires to book a room to both:

      1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently

whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[3]:

(i) Operable parts [205[4], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[3] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[4] Bracketed numbers refer to Standards for Accessibility Design.

7

(iii)   Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)   Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(vi)   Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)  Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort

1  when using, negotiating, overcoming or otherwise encountering such a barrier
2  and deprive him of full and equal enjoyment of the hotel.

3      (ix)   Dining surfaces and work surfaces, benches, check out isles and sales and
4  service counters [902, 903, 904]. An encounter with a non-compliant dining
5  surfaces and work surfaces, benches, check out isles and sales and service
6  counters cause Plaintiff to experience pain and discomfort when using,
7  negotiating, overcoming or otherwise encountering such barriers and deprive
8  him of full and equal enjoyment of the hotel.

9      (x) Swimming pools and saunas [1009]. An encounter with non-compliant
10  swimming pools or saunas causes Plaintiff to experience pain and discomfort
11  when using, negotiating, overcoming or otherwise encountering such barriers
12  and deprive him of full and equal enjoyment of the hotel.

13  24. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies]
14  and describe[s] accessible features and guest rooms offered through its reservations
15  service in sufficient detail to assess independently whether [Defendant's Hotel or
16  guest room] meet [Plaintiff's] accessibility needs".

17  25. The reproduction of relevant booking websites in Table 2 below demonstrates a
18  failure to identify and describe accessible features and guest rooms offered through
19  its reservations service in sufficient detail to permit Plaintiff to assess independently
20  whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| FAILURES TO DISCLOSE IN BOOKING WEBSITES |
| --- |
| 1ST PARTY WEBSITE |
| www.arabellahotelsedona.com |



Accessible Accommodations

Conveniently located on the ground floor with a hallway entry, these accommodations include one king bed or two queens. Chill out with a mini-fridge, free Wi-Fi, and 42" HDTV with premium channels.

Rates from $ 210.60

BOOK NOW

The booking website does not identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail.  This prevents Plaintiff from independently assessing whether Defendant's Hotel or guest rooms meet Plaintiff's accessibility needs.

**Table 2**

26. The statement that the Hotel has "accessible accommodations" is false  as evidenced in Table 3 below.

27. Plaintiff alleges that he personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and  how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

**PERSONAL ENCOUNTERS WITH BARRIERS**



**Identification**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Accessible parking visually too steep.**

**No van accessible signage.**

1
2
3
4
5
6
7
8
9
10
11
12
13



No marked passenger loading zone.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pool entry latch too high.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



**Another pool latch too high.**

16
17
18
19
20
21
22
23
24
25
26
27
28



**Inaccessible check in counter.**



**Inaccessible sundry items in gift shop.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14



Wrong hardware requiring twisting of wrist.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Flush control on wrong side.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Inaccessible sales and marketing office.**

**Inaccessible courtyard pool.**

1
2
3
4
5
6
7
8
9
10



**Inaccessible courtyard spa.**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Open risers throughout.**



**Improperly configured handrails throughout.**

| |
|---|
| **Identification of Specific Barrier in Plain Language:** As indicate below each photo. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about July 27, 2020. |
| **Table 3.** |

28. Plaintiff   is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

29. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

30. The removal of barriers is readily achievable.

31. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A.  Relief described in 42 U.S.C. §2000a – 3; and

18

B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

H. All other relief susceptible of proof based on the allegations.

### COUNT TWO
Negligence and Negligence Per Se

32. Plaintiff realleges all allegations heretofore set forth.

33. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

34. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

35. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

36. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

37. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

38. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

19

39. Defendant breached this duty.

40. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

41. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

42. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

43. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $135,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

### COUNT THREE
Negligent Misrepresentation

44. Plaintiff realleges all allegations heretofore set forth.

45. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

46. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

47. Defendant's false statement was made in the course of Defendant's business in which Defendant has a pecuniary interest, to wit: renting of rooms.

48. Plaintiff justifiably relied on Defendant's false representation.

49. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's false information regarding ADA compliance, to wit: he spent time, effort and

resources in an amount to be proven at trial, but in no event less than $35,000.00.

50. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

51. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligent misrepresentation; and

    B. For damages in an amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT FOUR**
Failure to Disclose

52. Plaintiff realleges all allegations heretofore set forth.

53. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

54. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

55. The compliance with the ADA is a fact basic to the transaction.

56. Defendant failed to make the necessary disclosures.

57. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

58. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

59. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

60. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

### COUNT FIVE
Fraud
Common Law and Consumer

61. Plaintiff realleges all allegations heretofore set forth.

62. Defendant made representation(s) as alleged in Table 2 above.

63. The representation(s) were material.

64. The representation(s) were false.

65. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.

66. Defendant intended that Plaintiff rely on the false representation(s).

67. Plaintiff reasonably relied on the misrepresentation(s).

68. Plaintiff has a right to rely on the misrepresentation(s).

69. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

70. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

71. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

72. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

73. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

74. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**REASONS WHY HIGH PUNITIVE DAMAGES AWARD IS NECESSARY IN THIS CASE**

75. Factors for consideration include:

    a. Reprehensibility of Defendants' conduct; and

    b. The severity of the harm likely to result, i.e. segregation of persons with disabilities; and

    c. The actual segregation of Plaintiff from the rest of the traveling public; and

    d. The duration of the misconduct is over 30 years and

    e. Defendants' were fully aware of their own illicit maintenance of hotels; and

    f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761,

1    767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* §

2    3.11(10), at 515-16 (2d ed. 1993))).

3  76. These factors recommend that only the most severe sanctions against Defendant

4    Hotel will assure compliance with the ADA and integration of disabled

5    individuals.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 31st day of August, 2020.

### PETER STROJNIK

_____

Peter Strojnik
Plaintiff

24

# EXHIBIT "2"

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
08/31/2020 4:27PM
BY: JDUTTON
DEPUTY

Case No.: S0300CV202000421
HON.  TED REED

Peter Strojnik,
7847 N. Central Ave.
Phoenix, AZ 85020
Telephone:  (602) 524-6602
ps@strojnik.com

## COCONINO COUNTY SUPERIOR COURT

## STATE OF ARIZONA

Case No:

Peter Strojnik,

                              Plaintiff,

vs.

LADA Sedona, L.P. dba Arabella Sedona,

                              Defendant.

**CERTIFICATE OF
COMPULSORY
ARBITRATION**

I certify that the above cause is not subject to compulsory arbitration pursuant to Rules 72-77 of the Rules of Civil Procedure.

DATED this 31st day of August, 2020.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

# EXHIBIT "3"

Person/Attorney Filing: Peter Strojnik
Mailing Address: 7847 N. Central Avenue
City, State, Zip Code: Phoenix AZ 85020
Phone Number:
E-Mail Address: ps@strojnik.com
[☒] Representing Self, Without an Attorney
(If Attorney) State Bar Number:

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF Coconino

Peter Strojnik
Plaintiff(s),
v.
LADA Sedona, L.P.
Defendant(s).

Case No.    S0300CV202000421

**SUMMONS**

To: LADA Sedona, L.P.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 200 N San Francisco
    Flagstaff AZ 86001 or electronically file your Answer through one of Arizona's approved
    electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

    Requests for reasonable accommodation for persons with disabilities must be made to

the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of Coconino

SIGNED AND SEALED this date:*August 31, 2020*

*Valerie Wyant*
Clerk of Superior Court

By:*JDUTTON*
Deputy Clerk



# EXHIBIT "4"

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
09/09/2020  2:32PM
BY: JDUTTON
DEPUTY

Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602



### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF COCONINO

**PETER STROJNIK,**

                Plaintiff,

      vs.

**LADA SEDONA, L.P.,**

                Defendant.

Case Number: S0300CV202000421

**DECLARATION OF SERVICE BY A
PRIVATE PROCESS SERVER**

Received by Rush Hour Legal Service to be served on **LADA SEDONA, L.P.,**.

I, Douglass Burkhart, do hereby affirm that on the **4th day of September, 2020** at **9:40 am, I:**

served **LADA SEDONA, L.P.,** by delivering a true copy of the **Summons; Certificate of Compulsory Arbitration; Complaint** with the date and hour of service endorsed thereon by me, to: **KINGSLEY LAW FIRM Pam Reinmuth (Manager Authorized)** at the address of: **14362 N. Frank Lloyd Wright Blvd. Suite 1000, Scottsdale, AZ 85260**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40s, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 125, Hair: Blonde, Glasses: -

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true and correct and was executed on the above date.

**Douglass Burkhart**
MC-8757

**Rush Hour Legal Service**
P.O. Box 30997
**Mesa, AZ 85275**
(480) 797-9483

Our Job Serial Number: RUL-2020001699
Service Fee: $85.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g



# EXHIBIT "D"

1

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt  - 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

2

3

4

5

6

*Attorneys for Defendant*

7

**IN THE UNITED STATES DISTRICT COURT**

8

**FOR THE DISTRICT OF ARIZONA**

9

10

Peter Strojnik,

No.

11

Plaintiff,

**VERIFICATION OF STATE
COURT RECORD**

12

vs.

13

LADA Sedona, L.P., d/b/a Arabella
Sedona,

14

15

Defendant.

16

State of Arizona            )

17

County of Maricopa      ) ss
                                      )

18

**VERIFICATION OF LINDSAY G. LEAVITT**

19

1.      Lindsay G. Leavitt, having been duly sworn upon my oath, declare and

20

state, under penalty of perjury, as follows:

21

2.      I am a Partner at the law firm of Jennings, Strouss & Salmon, PLC,

22

attorneys for Defendant LADA Sedona, L.P., d/b/a Arabella Sedona.

23

3.      On August 31, 2020, Plaintiff Peter Strojnik initiated the above-

24

captioned case in the Coconino County Superior Court of the State of Arizona, Case

25

No. S0300CV202000421 ("State Court Action").

26

4.      True and correct copies of all pleadings and other documents filed in

27

the State Court Action are attached to the Notice of Removal as Exhibits A to E.

28

7313888v1(69670.1)

5.      A true and correct copy of the Notice of Removal has been sent to the clerk of the court in the State Court Action, and written notice has been sent to Plaintiff, at the same time that the Notice of Removal is being filed in this Court.

I verify under penalty of perjury that the foregoing is true and correct.

DATED this 2nd day of October, 2020.

Lindsay G. Leavitt

**SUBSCRIBED and SWORN to before me this 2nd day of October, 2020.**



OFFICIAL SEAL
JEANNIE M. FRASER
Notary Public - State of Arizona
MARICOPA COUNTY
Comm. #557928 Exp. Jan. 13, 2023

Notary Public

My Commission Expires:

January 13, 2023

2

# EXHIBIT "E"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

*Attorneys for Defendants*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| PETER STROJNIK,<br><br>          Plaintiff,<br><br>vs.<br><br>LADA SEDONA, L.P., d/b/a ARABELLA SEDONA,<br><br>          Defendant. | No. S0300CV202000421<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT** |

**TO:  CLERK OF THE SUPERIOR COURT AND ALL PARTIES TO THIS ACTION**

      Please take notice that on October 2, 2020, Defendants LADA Sedona, L.P., d/b/a Arabella Sedona filed in the United States District Court for the District of Arizona a Notice of Removal to remove this action to that court.   A full and true copy of said Notice of Removal is herewith served on you for filing attached as **Exhibit "A"**.

      RESPECTFULLY SUBMITTED this 2nd day of October, 2020.

JENNINGS, STROUSS & SALMON, P.L.C.

By  */s/  Lindsay G. Leavitt*
Lindsay G. Leavitt
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
*Attorneys for Defendants*

. . .

. . .

. . .

7313954v1(69670.1)

Original of the foregoing E-Filed with the
Clerk of the Court and a Copy of the
foregoing Emailed on this 2nd day of
October 2020, to:

Peter Strojnik
7847 N. Central Avenue
Phoenix, AZ 85020
*Pro Per*

*/s/  Tana Davis-Digeno*

7313954v1(69670.1)