**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-08262-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| LADA Sedona LP, | |
| Defendant. | |

On February 1, 2021, Plaintiff Peter Strojnik ("Strojnik") filed a "Motion that Defendant Prove Removal Jurisdiction and All Writs Act Motion for Writ of Prohibition Against Lindsay Leavitt and Jennings, Strouss & Salmon, P.L.C." (Doc. 14.) The Court need not wait for additional briefing on this motion. The motion is denied.

As background, Strojnik initiated this action by filing a complaint in state court on August 31, 2020. (Doc. 1-1 at 2-25.) Count One of the complaint asserts a federal claim—a claim arising under the Americans with Disabilities Act ("ADA")—and the remaining counts assert state-law claims. (*Id.*) On October 2, 2020, Defendant LADA Sedona LP ("Defendant") timely removed the action to federal court. (Doc. 1.) The basis for the removal request was the presence of a federal claim. (*Id.* at 2 ["A district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Mr. Strojnik has asserted a claim against defendant for alleged ADA violations that exist because of, and therefore arise under, the laws of the United States."].)

There have been two significant developments since this case was removed. First, on January 6, 2021, another judge of this Court issued an order declaring Mr. Strojnik a vexatious litigant. *Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 WL 50456, \*11 (D. Ariz. 2021). The Court reviewed the history of Strojnik's "extortionate" litigation tactics, including while he was a practicing attorney and after his disbarment, and declared them to be "frivolous and harassing." *Id.* at \*8-10. Pursuant to that order, "if at any point the Court determines that Mr. Strojnik fails to demonstrate standing or otherwise meet federal pleading requirements, the Court will dismiss the case and initiate sanctions proceedings by ordering Mr. Strojnik to show cause why sanctions should not be imposed under Federal Rule of Civil Procedure 11(b)(1)." *Id.* at \*11. Second, in recent filings, both parties have acknowledged that this Court lacks subject matter jurisdiction over this action due to Strojnik's lack of standing. In the Rule 26(f) report filed on December 4, 2020, Defendant wrote: "Defendant believes that Plaintiff does not have Article III standing to pursue his ADA claim because he did not suffer an injury-in-fact." (Doc. 10 at 2.) Meanwhile, in his recently filed motion, Strojnik states that Defendant's counsel's actions in this case are part of a larger plot to "remov[e] Plaintiff's civil rights claims from State Court to federal court when federal court does not have jurisdiction." (Doc. 14 at 2.)

Because all parties now acknowledge that subject matter jurisdiction is lacking, the Court will deny as moot Strojnik's motion.[1] The only issue now properly before the Court is how to dispose of this action given the acknowledged absence of jurisdiction. Under 28 U.S.C. § 1447(c), the usual rule is that a district court should remand to state court if it determines that it lacks subject matter jurisdiction in a removal action. *Id.* ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the

---

[1] Strojnik also requests what would effectively be an injunction precluding a non-party (Defendant's counsel) "from removing any case filed by Strojnik in the Superior Court and then claiming that the district court lacks jurisdiction." (Doc. 14 at 11.) That request is denied for several reasons. As an initial matter, Strojnik does not explain how this Court, which he acknowledges lacks subject matter jurisdiction over this action, would still possess jurisdiction to issue a broad prospective injunction as part of this action. Strojnik's motion also does not identify any authority that would support imposing the sort of injunction he seeks. Finally, Strojnik's request presupposes that Defendant's counsel's attempt to remove and then obtain dismissal of this action was improper. But whether this case will be dismissed is still an issue to be decided.

case shall be remanded."). However, in *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991), the Ninth Circuit recognized an exception to this principle. Under *Bell*, when a district court "determines that it lacks subject matter jurisdiction in a removal case," it has discretion to dismiss, rather than remand, the action "[w]here the remand to state court would be futile." *Id.* at 1424. This is because "[d]istrict court resolution of the entire case," where there is no "conceivable" chance the plaintiff would succeed on remand, "prevents any further waste of valuable judicial time and resources." *Id.* at 1424-25. Although other Circuits have rejected *Bell*'s approach, holding that a remand is always required when a district court determines it lacks subject matter jurisdiction in a removal action, *Bell* remains good law in the Ninth Circuit. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016).

Here, there are some reasons to believe dismissal might be appropriate under *Bell*'s futility standard. In a removed ADA case that Strojnik litigated before his disbarment, another judge in this District determined that dismissal, rather than remand, was the appropriate disposition because "it is certain that Arizona law would not wink at standing to allow . . . Strojnik to bring these injury-free lawsuits in light of the ethically suspect tactics Strojnik employs." *Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 897 (D. Ariz. 2017). Moreover, in the context of the ADA cases Strojnik has brought *pro se* since his disbarment, "[a]s of December 19, 2020, Mr. Strojnik claims to have filed 64 cases with ADA claims in Arizona superior courts," of which "he has voluntarily dismissed fourteen and settled thirteen" and tried none as of yet on their merits. *Driftwood Hosp.*, 2021 WL 50456, at *8. On the other hand, the Court also notes that Strojnik has provided, as an attachment to his most recent motion, some state-court decisions that suggest a remand would not be futile. (Doc. 14-1 at 2; Doc. 14-2.)

It seems that the burden of demonstrating the absolute futility of remand should rest with Defendant. Thus, Defendant is ordered, by February 26, 2021, to either (1) voluntarily remand the action or (2) file a motion to dismiss on grounds that remand would be

absolutely futile.

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion that Defendant Prove Removal Jurisdiction and All Writs Act Motion for Writ of Prohibition Against Lindsay Leavitt and Jennings, Strouss & Salmon, P.L.C." (Doc. 14) is **denied**.

**IT IS FURTHER ORDERED** that Defendant shall, by **February 26, 2021**, either (1) voluntarily remand the action or (2) file a motion to dismiss on grounds that remand would be absolutely futile.

Dated this 4th day of February, 2021.

Dominic W. Lanza
United States District Judge