**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-08262-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| LADA Sedona LP, | |
| Defendant. | |

This case is a near-carbon copy of *Strojnik v. Ashford Scottsdale LP*, 2021 WL 2002977 (D. Ariz. 2021). There, as here, Plaintiff Peter Strojnik ("Strojnik") brought an action in Arizona state court against a hotel in which he asserted a claim under the Americans with Disabilities Act ("ADA") and related state-law claims. (Doc. 1-1 at 2-25.) The complaints in the two actions are nearly identical, with many of the same paragraphs appearing in each version.[1]

There, as here, the defendant timely removed the action to federal court, based on the presence of a federal claim (Doc. 1), and then raised a challenge to Strojnik's standing (Doc. 7 at 4 ¶ 2). There, as here, Strojnik responded by seeking sanctions against defense

---

[1] In *Ashford Scottsdale*, Case No. 20-cv-2352-DWL, the complaint appears at Docket No. 1-1. This pleading is subject to judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). One difference between the complaints is that Strojnik's complaint in this action asserts only four state-law claims (for negligence, negligent misrepresentation, failure to disclose, and fraud). In *Ashford Scottsdale*, Strojnik the complaint asserted the same four state-law claims but also added a fifth state-law claim for "Consumer Fraud—Brand Deceit," which was the subject of additional motion practice. *Ashford Scottsdale*, 2021 WL 2002977 at *4-5.

counsel (the same attorney in both cases) and, in the course of doing so, seemed to concede that subject-matter jurisdiction is lacking. (Doc. 14.) There, as here, the Court denied Strojnik's request for sanctions and, in light of his seeming concession as to the absence of subject-matter jurisdiction, solicited supplemental briefing on whether the proper remedy under *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991), is dismissal or remand. (Doc. 15.) There, as here, Strojnik then attempted to withdraw his seeming concession. (Doc. 16.)

Finally, there, as here, the parties then filed a series of interrelated motion papers. First, the defendant moved to dismiss for lack of subject-matter jurisdiction. (Doc. 20.) Second, Strojnik filed a response in which he barely addressed the issue of standing, declined to address the applicability of *Bell*, and requested leave to amend. (Doc. 21.) Third, the defendant filed a reply in support of its dismissal request. (Doc. 22.) The motion, response, and reply in this case (Docs. 20, 21, 22) appear to be largely cut-and-pasted versions of the motion, response, and reply filed in *Ashford Scottsdale*.[2]

Given the extreme overlap between the two cases, the outcome here is straightforward. The Court has carefully reviewed the complaint in this case and concludes that it is deficient for the same reasons as the complaint in *Ashford Scottsdale*. The Court further concludes that a remand to state court would be futile under *Bell*, for the same reasons that futility was established in *Ashford Scottsdale*, and that Strojnik's motion for leave to amend should be denied for the same reasons that his amendment request was denied in *Ashford Scottsdale*.

…

…

…

…

…

---

[2] In *Ashford Scottsdale*, the motion, response, and reply appear at Docket Nos. 19, 20, and 21. These filings are also subject to judicial notice. *Reyn's Pasta Bella,* 442 F.3d at 746 n.6.

Accordingly, **IT IS ORDERED** that:

1. Defendant's motion to dismiss (Doc. 20) is **granted**.

2. Strojnik's motion for leave to amend (Doc. 21) is **denied**.

3. The Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 20th day of May, 2021.

                                              Dominic W. Lanza
                                              United States District Judge